IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERSHAUN G., ) | |
| ) | No. 20 C 6897 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Pershaun G. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

Background

On November 1, 2017, plaintiff applied for benefits, alleging a disability onset date of May 15, 2016. (R. 60.) Her application was denied initially, on reconsideration, and after a hearing. (R. 13-27, 69, 81, 100, 116.) The Appeals Council declined review (R. 1-5), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts,

the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. (R. 15.) At step two, the ALJ found that plaintiff has the severe impairments of "morbid obesity, history of cerebrovascular accident, asthma, chronic left knee degenerative joint disease, lower lumbar arthritis/sciatica, and sleep apnea." (R. 16.) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal a listed impairment. (R. 20.) At step four, the ALJ found that plaintiff has the RFC to perform her past relevant work as a customer service clerk, and thus she is not disabled. (R. 21-27.)

Plaintiff argues that the ALJ erred in weighing the medical opinion evidence offered by her treating physician, Dr. Ahlowalia, who said plaintiff can sit and stand/walk for less than two

2

hours of an eight-hour workday and cannot concentrate on even simple tasks because of pain. (R. 838-39.)

The regulations set forth a number of factors an ALJ must consider when evaluating medical opinions, including: (1) how well the opinions are supported by and how consistent the opinions are with other evidence in the record; (2) the length of the source's relationship with plaintiff, the frequency of exams, and the purpose of the treatment relationship; (3) whether the source is a specialist; and (4) whether the source is familiar with other evidence in the record or has an understanding of SSA's disability program. 20 C.F.R. § 404.1520c. The Court will "uphold 'all but the most patently erroneous reasons for discounting a treating physician's assessment.'" *Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015) (quoting *Luster v. Astrue*, 358 F. App'x 738, 740 (7th Cir. 2010)).

The ALJ said Dr. Ahlowalia's opinions were not persuasive because: (1) the doctor "did not support her findings with references to the record or her treatment notes," and apparently based her opinions "primarily on [plaintiff's] self-report of pain;" (2) she "left many of the boxes on the form blank;" (3) her exam notes from the day she signed the form do not mention "any musculoskeletal or neurological abnormalities;" (4) she did not say whether plaintiff's recently diagnosed depression was expected to last for twelve months; and (5) her assertion that plaintiff's pain would constantly interfere with plaintiff's attention and concentration was inconsistent with evidence that plaintiff was able to care for a child, handle money, shop, and go out alone. (R. 25.)

The Court agrees with plaintiff that certain aspects of the ALJ's analysis are flawed. For example, the ALJ wrongly stated that Dr. Ahlowalia's notes for the date on which she issued her opinions do not mention any musculoskeletal issues. (*See* R. 794 (10/24/19 treatment notes stating that plaintiff has left knee pain and lower back pain).) Similarly, the ALJ apparently erred in

3

saying that Dr. Ahlowalia's opinions were based on plaintiff's reports of pain as the ALJ's basis for that statement is not clear. But the other reasons the ALJ gave for discounting the doctor's opinions, including those the regulations deem most important, are sound. *See* 20 C.F.R. § 404.1520c (stating that consistency and supportability "are the most important factors" in the ALJ's evaluation of a source's medical opinions); (R. 25 (setting forth ALJ's analysis of Dr. Ahlowalia's opinions).) Plaintiff's contrary argument amounts to a request that the Court reweigh the evidence, which we cannot do. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012) ("We do not reweigh the evidence or substitute our own judgment for that of the ALJ.").

Plaintiff also argues that the RFC does not account for the sleepiness and lack of focus she experiences from sleep apnea, pain, pain medication, depression, and stroke. First, the ALJ explicitly accounted for the sleepiness plaintiff attributes to her sleep apnea and pain medication. (*See* R. 23 ("[Plaintiff's sleep apnea] as well as [her] reports of sleepiness were accounted for by restricting her to no work at unprotected heights or around hazardous machinery and no commercial driving.").) Second, the ALJ did not account for aftereffects of plaintiff's stroke because, "[t]he record generally shows that there were no residual deficits from [it]." (*Id.*) Finally, though plaintiff asserts that depression diminishes her concentration, she does not cite any evidence to support that assertion. In short, the RFC adequately accounts for the evidence of sleepiness.

Plaintiff also contends that there is an insufficient evidentiary basis for a sedentary work RFC because the ALJ did not adopt any of the medical opinions in its entirety. But "[t]he RFC is a legal—and not a medical—decision that is exclusively within the ALJ's authority to make." *Michael B. v. Berryhill*, No. 18 C 236, 2019 WL 2269962, at *6 (N.D. Ill. May 28, 2019). Moreover, "[p]laintiff's primary criticism of the RFC finding[,] . . . that there is an impermissible

'evidentiary deficit' if the ALJ does not either fully adopt one of the medical opinions or accept plaintiff's allegations as true . . . . is wrong." *David C. v. Kijakazi*, No. 20-CV-3891, 2022 WL 602520, at *10 (N.D. Ill. Mar. 1, 2022). "An ALJ is not 'required to rely entirely on a particular physician's opinion or choose between the opinions.'" *Id.* (quoting *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007). "'[T]he critical question is not whether the ALJ's RFC conclusions match a medical expert's opinion item-by-item but whether substantial evidence supports what the ALJ ultimately concluded about the claimant's RFC.'" *Id.* (quoting *Michael B. v. Berryhill*, No. 18 C 236, 2019 WL 2269962, at *6 (N.D. Ill. May 28, 2019). It does. The ALJ comprehensively reviewed plaintiff's complaints, her activities of daily living, and the medical evidence and concluded that plaintiff is capable of performing sedentary work. (R. 21-26.) Accordingly, the RFC for sedentary work is not a basis for remanding this case.[1]

Finally, plaintiff argues that the RFC does not adequately account for her depression, PTSD, and obesity. Plaintiff says her psychological impairments, even if they are non-severe as the ALJ found, "would likely interfere" with her performance of SVP 5 work.[2] (ECF 19 at 14.) In support, she cites her inability to pass a job qualification test. (*Id.*) But plaintiff attributed her failure to diminished focus because of a knee injury, not her mental impairments. (R. 46-47.) Similarly, plaintiff contends that the ALJ should have given more consideration to her obesity in formulating the RFC, but she does not point to any evidence that shows her obesity aggravates her other impairments. Absent such evidence, the ALJ's consideration of plaintiff's obesity is not erroneous.

---

[1] Plaintiff complains that evidence supporting the RFC is too flimsy but argues that the ALJ should have put stock in pure conjecture. (*See* ECF 19 at 13 ("Presumably, [floaters and mild photophobia] would impact attention and concentration").)

[2] SVP stands for specific vocational preparation, which is "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." https://occupationalinfo.org/appendxc_1.html#II (last visited June 7, 2022.) SVP 5 work is that which requires preparation from six months to a year. (*Id.*)

**Conclusion**

For the reasons set forth above, the Court affirms the Acting Commissioner's decision and terminates this case.

**SO ORDERED.**                    **ENTERED:  June 27, 2022**

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**